## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

**KURTIS JAY GARRIDO,**
DOB: 03/20/1994 or 05/20/1994

Defendant.

) CRIMINAL CASE NO. **CF0087-19**
) GPD Report No. 19-04146
)
) CRIMINAL CASE NO. **CF0665-21**
) GPD Report No. 21-32445
)
)
)
) **DECISION & ORDER**
) **RE. PEOPLE'S MOTION TO REVOKE**
) **DEFENDANT'S PROBATION**
)
)
)
)

This matter came before the Honorable Alberto E. Tolentino on May 29, 2025, for a Revocation Hearing. Defendant Kurtis Jay Garrido ("Defendant") was present with counsel Public Defender Stephen Hattori. Assistant Attorney General Samuel Alexander was present for the People of Guam ("People"). During the hearing, the court heard the parties' arguments on the People's Motion to Revoke the Defendant's Probation filed on April 15, 2025. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the People's Motion to Revoke the Defendant's Probation.

\\

\\

## BACKGROUND

On February 22, 2019, the Defendant was charged with: BURGLARY (As 2nd Degree Felony); THEFT OF PROPERTY (As 2nd Degree Felony); and POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As 3rd Degree Felony). *See* Indictment (Feb. 22, 2019). The court released him on conditions on August 10, 2020. *See* Order (Aug. 10, 2020).

### A. Defendant Garrido's Violations on Pre-Trial Release

While on pre-trial release, the Defendant received four (4) violations from the Probation Services Division ("Probation"). For the Defendant's first pre-trial violation, Probation stated that he admitted via declaration to ingesting "meth" after submitting to a drug test on October 15, 2020. 1st Violation Report (Oct. 22, 2020). Upon receipt of the violation, the court held the Defendant's first violation in abeyance. *See* Violation Hr'g Mins. at 1:44:28 – 47:07PM (Nov. 11, 2020).

For his second violation, the report indicated that the Defendant tested presumptive positive for methamphetamines. *See* 2nd Violation Report (Nov. 27, 2020). Because he challenged these results, Probation sent the Defendant's sample for confirmation testing, which came back positive for methamphetamine. *Id.* In that same violation, the Defendant tested presumptive positive for methamphetamine on November 27, 2020. *Id.* However, he "admitted in writing via signed declaration to smoking 'meth' on November 22, 2020." *Id.* On November 30, 2020, the court addressed the Defendant's first and second violations, to which it held a ten (10) day sanction at the Department of Corrections in abeyance, along with the two violations. *See* Further Proceedings Mins. at 1:46:12 – 49:35PM (Nov. 30, 2020).

Shortly after, Defendant received his third violation for testing presumptive positive for methamphetamines, which he admitted. *See* 3rd Violation Report (Dec. 2, 2020). Due to the

Defendant's failure to appear at his Change of Plea Hearing, the court issued a bench warrant for the Defendant's arrest. *See* Change of Plea Hr'g Mins. at 2:41:30 – 44:33PM (Dec. 18, 2020). On December 29, 2021, the warrant was returned over a year later and addressed before this court at a Return of Warrant Hearing. *See* Return of Warrant Hr'g Mins. at 10:18:21AM (Dec. 30, 2021).[1] The court committed the Defendant to the Department of Corrections. *See* Comm. Order (Dec. 30, 2021). Probation subsequently filed the Defendant's fourth pre-trial violation for his failure to obey all the laws of Guam based on pending charges in CF0665-21. *See* 4th Violation Report (Jan. 13, 2022). The court later released him from confinement on February 11, 2022.

In accordance with his Plea Agreement, the court accepted the Defendant's global plea on July 18, 2022, in the following cases: CF0089-17, CF0665-21, and CF0386-22. *See* Plea Agreement (Feb. 1, 2023).

## B. Defendant Garrido's Violations on Traditional Probationary Supervision

Upon the entry of the Defendant's global plea for his cases, the Defendant received fifteen (15) more violations. It is noteworthy that all of these violations were filed simultaneously in both CF0087-19 and CF0665-21.

With his last known reporting being on July 17, 2022, the Defendant received his first violation for failing to report to Probation "three (3) times a week for drug testing." 1st Violation Report (Aug. 1, 2022). Rather than issue a warrant, the court issued a Summons for the Defendant's appearance at an upcoming Violation Hearing. *See* Summons (Aug. 31, 2022). When the Defendant failed to appear at that hearing, the court then issued a bench warrant for his arrest. *See* Violation Hr'g Mins. at 2:43:50PM (Sept. 16, 2022). Upon the warrant's return on October

---

[1] This case was assigned to the Honorable Alberto E. Tolentino on December 29, 2021. *See* Notice (Dec. 29, 2021).

10, 2022, the court committed the Defendant to the custody of the Department of Corrections. *See* Comm. Order (Oct. 10, 2022).

For the second violation, the report indicated that the Defendant "[f]ailed to obey all the laws of Guam" after being charged in CF0632-22. 2nd Violation Report (Oct. 11, 2022). On three separate dates in November, Probation filed the Defendant's third, fourth, and fifth violations for the Defendant's failure to refrain from ingesting/consuming illegal controlled substances, which he admitted to via declaration in each violation.[2]

Probation filed the Defendant's sixth violation for testing presumptive positive for methamphetamines, which he admitted to via declaration. *See* 6th Violation Report (Dec. 7, 2023). However, for the seventh violation, the report indicated that the Defendant:

1. Failed to refrain from ingesting/consuming illegal controlled substances. On November 29, 2023, the Probationer submitted to a drug test at the Probation Office which yielded presumptive positive results for methamphetamines. He denied using any illegal drugs and his urine sample was sent for off-island confirmation. On December 12, 2023, the Probation Office received confirmed results that the defendant's urine was positive for methamphetamines. This is his fifth (5th) positive test and first (1st) challenged test. Please note, there is an eighty-dollar ($80.00) confirmation fee.
2. Failed to refrain from ingesting/consuming illegal controlled substances. The Probationer submitted to a drug test on December 11, 2023, with the probation office and tested presumptive positive for methamphetamines. He admitted to ingesting an illegal controlled substance namely "meth" on December 9, 2023 via declaration. This is his sixth (6th) positive since being placed on supervision.

Amended 7th Violation Report (Dec. 12, 2023). Prior to the next Progress Hearing before the court, Probation filed the Defendant's eighth through twelfth violations; all for testing presumptive positive for methamphetamines.[3] After his release in his other criminal case in October, the Defendant received his thirteenth and fourteenth violations for testing presumptive

---

[2] *See* 3rd Violation Report (Nov. 14, 2023); *see also* 4th Violation Report (Nov. 17, 2023); *see also* 5th Violation Report (Nov. 30, 2023).
[3] *See* 8th Violation Report (Jan. 3, 2024); *see also* 9th Violation Report (Jan. 10, 2024); *see also* 10th Violation Report (Jan. 18, 2024); *see also* 11th Violation Report (Jan. 31, 2024); *see also* 12th Violation Report (Feb. 8, 2024).

positive for methamphetamines again. *See* 13th Violation Report (Oct. 15, 2024); *see also* 14th Violation Report (Oct. 24, 2025). Despite his absence at a Progress Hearing on October 30, 2024, the court issued a summons rather than a warrant to procure his appearance at the next hearing. *See* Progress Hr'g Mins at 2:30:46PM (Oct. 30,2024). However, Probation filed the Defendant's fifteenth violation for the following reasons:

1. Failure to report to the Probation Office three (3) times a week for drug testing. The probationer is ordered to report to the Prob son Office every Monday, Wednesday and Friday. He last reported on October 25, 2024. The probationer has failed to report for the remainder of the month of October, the month of November, and has yet to report for the month of December.
2. Failure to submit proof of attendance or completion of a drug rehabilitation program.
3. Failure to make monthly payments towards his five-thousand-dollar ($5,000.00) fine, eighty-dollar ($80.00) court cost and eighty-dollar ($80.00) confirmation fee. He has failed to make any payments.
4. Failure to perform and complete one hundred fifty (150) hours of community service.
5. Failure to submit proof of attendance or completion of twenty-four (24) sober support meetings.

15th Violation Report (Dec. 2, 2024). The court subsequently issued a warrant for the Defendant's arrest on December 18, 2024. *See* Warrant (Dec. 18, 2024). On March 27, 2025, the warrant was returned and addressed by the court three days later at a Return of Warrant Hearing. At that hearing, the court scheduled this case for a Revocation Hearing on May 6, 2025, and ordered the parties to submit their briefs on the issue of revocation pursuant to the deadlines set at the hearing. *See* Return of Warrant Hr'g Mins. at 2:52:41PM (Mar. 31, 2025). The People filed its Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion to Revoke") on April 15, 2025.

Although the Defendant filed no opposition to the People's Motion to Revoke by the court's ordered deadline, the People did not oppose his request to file an opposition in accordance with the court's newly set deadlines made at the Revocation Hearing. *See* Revocation Hr'g Mins. at 2:32:06PM (May 6, 2025). At the continued Revocation Hearing on May 29, 2025, the

Defendant had not filed an opposition. Regardless, he requested the court to deny revocation as he was ready to start treatment for his addiction. *See* Revocation Hr'g Mins. at 2:28:44PM (May 29, 2025). After hearing the parties' arguments, the court took the matter under advisement.

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the defendant to any sentence that it may have originally imposed. 9 GCA § 80.66(b). However, it shall not revoke probation for a defendant's violation of a condition unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

### A. Defendant Garrido violated the conditions of his probation.

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7).

Here, the Defendant received a total of nineteen (19) violations from Probation: four (4) violations on pre-trial release in CF0087-19 and fifteen (15) violations upon the court's acceptance of his global plea. The court can factually determine that all these violations actually occurred after reviewing the court's record of events. For instance, the Defendant admitted via declarations to all but two drug test results, which came back positive for methamphetamines. For those two challenged drug tests, the court received off-island, laboratory confirmation that the Defendant's sample tested positive for methamphetamines. In its factual determination that the Defendant failed to obey all the laws of Guam, the court reviewed the indictments for CF0665-21 and CF0632-22, which the Defendant received violations for. For his absence from the court's supervision, the court refers to the returns of the three warrants issued in this case.

Based on the violation reports, the court's record of events, the Defendant's admissions, and the parties' arguments, the court finds that the Defendant has violated multiple conditions of his probation on several occasions.

**B. Defendant Garrido's violations do not warrant revocation of probation.**

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order."

9 GCA § 80.66(a)(2). In other words, a probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. When facing revocation, "the defendant bears the burden of showing an excuse for failure to comply with the condition." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)). In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *Id.* at ¶ 32. Despite not paying his court-ordered fine, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a condition of probation to ensure the defendant remained sober. *Id.* Unlike the probationer in *Camacho*, Defendant's outstanding conditions of probation include payment of his fine, court costs, and confirmation fees; treatment; and community service.

At the Revocation Hearing, the Defendant stated that his stable living environment has now made it possible for him to complete his probationary conditions like treatment. *See* Revocation Hr'g Mins. at 2:32:50 – 33:22PM (May 29, 2025). Now, he is ready to start treatment after his assessment with the Guam Behavioral Health and Wellness Center ("GBHWC") and pending assessment with the Salvation Army Lighthouse Recovery Center ("LRC"). *Id.* While the amount of the Defendant's violations was less of an issue here, the People expressed more concern over his failure or lack of effort to check in with Probation for drug testing upon his recent release. *Id.* at 2:34:03 – 34:54PM. When asked to provide the court with a reason for his noncompliance in this case, the Defendant informed the court that along with his transportation issues, he was working at the time to provide for his family. *Id.* at 2:35:26 – 36:05PM.

Back in 2022, the court accepted the Defendant's global plea of guilty to two separate charges of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony) and one charge of THEFT OF PROPERTY (As a 3rd Degree Felony). *See* Judgment (Feb. 1, 2023). The substantial requirements imposed as conditions for his globalized cases were the stay-away order and completion of treatment. *Id.* at 3–4. The court acknowledges that the Defendant still has not received violations for failing to obey that stay-away order for the named victims. When imposing treatment as a probationary condition, the purpose of doing so is to achieve sustained sobriety for a defendant. However, sobriety becomes unattainable without the right support.

Over the past six (6) years, the court gave the Defendant multiple opportunities before considering revocation, such as releasing the Defendant to actively seek treatment on his own. Prior to making his recent efforts toward treatment, the Defendant failed to report to Probation for drug testing on several occasions; and tested positive during the times he did report. While the Defendant received multiple violations for testing positive for methamphetamine, the court notes he still had been maintaining contact with Probation and drug tested when reporting. The court is aware of the difficulties in dealing with addiction. However, the Defendant cannot expect to overcome his addiction if he will not put in the effort to attend recommended treatment programs; or seek the court's guidance on how to navigate his addiction if he is struggling on his own.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violating a probationary condition. 9 GCA § 80.66(a)(2). Based on approximately fifteen (15) violations for his failure to refrain from ingesting illegal controlled substances, it is clear to the court that the Defendant still needs treatment for his addiction. At the Revocation Hearing,

Probation informed the court that the Defendant was assessed back in January of 2024 and referred to LRC's in-patient treatment. *See* Revocation Hr'g Mins. at 2:36:52 – 37:48PM. (May 29, 2025). Due to the unavailability of a bed, the Defendant was placed on a waitlist for that in-patient treatment and recommended to attend outpatient treatment with New Beginnings until a bed became available. *Id.*

In consideration of the Defendant's waitlisted status, the court believes that it is in the best interests of the public and will best satisfy the ends of justice to not jeopardize the Defendant's opportunity for in-patient treatment when a bed at LRC does become available to him. However, the court notes that DOC provides a Residential Substance Abuse Treatment ("RSAT") program for its inmates who are battling addiction. In admonishing the Defendant for his recent failures to stay sober and check in with Probation, the court also reminds the Defendant that RSAT is another treatment program that he can attend as an inmate of DOC if he violates this court's orders again; because the court will revoke his probation sentence him in accordance with his Plea Agreement.

Thus, the court finds that revocation of the Defendant's probation will not best satisfy the ends of justice and the best interests of the public. Therefore, the court denies the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence.

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For the reasons stated above, the court hereby **DENIES** the People's Motion to Revoke Probation and Impose Jail Sentence. The court also **EXTENDS** the Defendant's probationary period by **ONE (1) YEAR to expire on July 17, 2026.**

For the Defendant's recent violations, the court hereby imposes a sanction of **FOUR (4) MONTHS** at the Department of Corrections, Mangilao, with credit for time served.

After serving his sanction, the court will release the Defendant on **Electronic Monitoring and House Arrest** with the exception of attending his treatment program or seeking emergency medical treatment.

**SO ORDERED** this _____ JUL 1 6 2025 _____.



_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic Copy of the original was e mailed to
_AG , PDSC_

Date _7/16/25_ Time. _3:51pm_
_Albert Coldeo_
Deputy clerk , Superior Court of Guam